IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WENDOVER CITY, a Utah Municipal Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>WEST WENDOVER CITY, a Nevada Municipal Corporation, Josephine Thaut, and John Does 1 through 10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION<br><br><br><br>Case No. 2:03-CV-523 TS |

This matter is before the Court pursuant to Defendants' Motion for Partial Reconsideration[1] of the Court's December 13, 2005 Memorandum Decision and Order Denying Defendants' Motion for Partial Summary Judgment on Plaintiff's Commerce Clause Claim and Granting Plaintiff's Cross Motion ("December 13, 2005 Decision") as to the Commerce Clause

---

[1] Docket No. 66. Defendants' Motion was filed on December 24, 2005. The Court has not addressed the Motion previously because the parties have been in mediation. However, the Court is now apprised that the mediation has failed and, therefore, considers it appropriate to now address Defendants' Motion.

Claim.[2]  While Defendants do not cite a specific Federal Rule of Civil Procedure for their Motion, the Court notes that the Motion was filed within ten days after entry of judgment. Therefore, the Court construes Defendants' Motion as a Fed. R. Civ. P. 59(e) motion.[3]

Defendants argue that this Court's finding that West Wendover's Ordinance 6-2-5 violated the dormant Commerce Clause was improper.  Defendants first assert that the Court found in its December 13, 2005 Decision that Ordinance 6-2-5 was unconstitutional as applied. Defendants then argue that there exists a genuine issue of material fact as to whether they ever actually applied the Ordinance either as a source of pressure, or as the basis for other actions, which ultimately led to the State Line's switching to Defendant West Wendover's water system. Therefore, Defendants argue, the Court's ruling as to the unconstitutionality of Ordinance 6-2-5 was improper and premature.

Plaintiff opposes Defendants' Motion upon several bases, including: (1) this Court determined in its December 13, 2005 Decision that the Ordinance was invalid both on its face and as applied, (2) the constitutional meaning of "as applied" is not contingent upon whether Defendants made some ultimate determination to apply the Ordinance, and (3) that Defendants' argument erroneously assumes that the Ordinance is relevant only if Defendants used it as the sole basis to take State Line's water account from Plaintiff.

Defendants' arguments on this matter are unconvincing.  Defendants are correct in pointing out that this Court held in its December 13, 2005 Decision that Ordinance 6-2-5 was

---

[2]Docket No. 65.

[3]*See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

unconstitutional as applied, and not facially unconstitutional.  However, Defendants make their argument regarding the actual application of the Ordinance for the first time in their present Motion.  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[4]  Importantly, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[5]

Defendants' arguments on this issue could have been, but were not, raised in prior briefing.  The issue of the constitutionality of Ordinance 6-2-5 was briefed extensively by the parties pursuant to summary judgment motions, but this Court is unable to find in the corresponding memoranda any reference or dispute as to the issue of Defendants' actual application of Ordinance 6-2-5 to the State Line.  If Defendants wished to address this issue, they should have done so pursuant to the prior summary judgment motions.  It is therefore

ORDERED that Defendants' Motion for Partial Reconsideration (Docket No. 66) is DENIED.

DATED   November 30, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Id*.

[5] *Id.*