IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WENDOVER CITY<br><br>    Plaintiff,<br><br>vs.<br><br>WEST WENDOVER CITY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br><br>Case No. 03-CV-523 |

This matter comes before the Court on Plaintiff's Motion for Attorney Fees.[1] For the reasons discussed below, the motion will be granted in part and denied in part.

I.  Procedural History

Plaintiff requests an award of attorney's fees on Plaintiff's Fifth claim for Interference with Commerce under 42 U.S.C. § 1983 ("Commerce Clause claim"). Plaintiff argues that because this Court granted summary judgment on the Commerce Clause claim, attorney's fees can and should be awarded under 42 U.S.C. § 1988. Defendant opposes the award of attorney's fees, arguing that (1) Plaintiff is not a prevailing party under § 1988; and (2) Plaintiff failed to

---

[1] Docket No. 80.

1

segregate and identify attorney's fees expended on the Fifth claim.

    II.    Discussion

        A.    Prevailing Party

Section 1988 provides for an award of attorney's fees for prevailing parties in Section 1983 actions.[2] As the Tenth Circuit explained in *Phelps v. Hamilton*,[3] "the purpose of § 1988 is not to penalize defendants, but rather to encourage injured individuals to seek relief."[4] "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim.[5] To evaluate the nature of relief granted on a claim, the Tenth Circuit has adopted the three-factor approach from *Farrar*.[6] The Court must examine "(1) the "difference between the amount recovered and the damages sought; (2) the significance of the legal issue on which the plaintiff claims to have prevailed; and (3) the accomplishment of some public goal other than occupying the time and energy of counsel, court, and client."[7]

The Court finds that Plaintiff is a prevailing party for the purposes of an award of attorney's fees under § 1988. In this case, the Court declared Ordinance 6-2-5 unconstitutional "as applied." While this declaration is not the broadest ruling possible, a declaration of unconstitutionality was precisely the ruling sought by the Plaintiff. Thus, the first *Farrar* factor

---

[2] 42 U.S.C. § 1988(b).

[3] 120 F.2d 1126 (10th Cir. 1997).

[4] *Id.* at 1130.

[5] *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

[6] *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006).

[7] *Id.*

weighs in favor of granting attorney's fees.  Further, the constitutionality of the ordinance is a significant legal issue in this case.  Plaintiff was able to prevail on its claim of unconstitutionality, which has shaped the course of the subsequent litigation strategy.  Thus, the second *Farrar* factor weighs in favor of granting attorney's fees.  As for the third *Farrar* factor, this Court's ruling prompted a Resolution by West Wendover City that addressed the Ordinance and its applicability to the Wendover Nugget.  The facts underlying the passing of the Ordinance, the ensuing Resolution and the conduct of all parties are reserved for the jury to determine.  However, as to attorney's fees, the summary judgment ruling in favor of Plaintiff accomplished a public goal.  Thus, this factor also weighs in favor of an award of attorney's fees.

At oral argument, parties raised the issue of whether attorney's fees under Section 1988 contemplated situations like this, where the Plaintiff was a municipality, rather than an individual.[8]  Typically, Section 1983 suits are brought by individuals against municipalities, however, in this case, both parties are municipalities.  The Court finds no restriction in Section 1988 or the case law that would preclude an award of attorney's fees to a municipality plaintiff.

      B.      Disputed Billing Entries

Defendant contends that several time entries include work that is unrelated to the Commerce Clause claim.  The Court is troubled by the block billing practices of Plaintiff and is unwilling to award attorney's fees based upon possibly misleading billing practices.  A number of time entries do appear to be tainted with work unrelated to the Fifth claim.  The Court directs Plaintiff to clarify the disputed entries, extract the time that relates to the prosecution of the

---

[8]The Tenth Circuit has squarely addressed whether municipalities are considered "persons" for the purpose of bringing suit under Section 1983.  *Lippoldt v. Cole*, 468 F.3d at 1213.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 69 n. 8 (1989) (the word "person" incorporates municipalities).

Commerce Clause claim and recalculate fees. Upon submission of detailed billing statements, Defendant has 15 days to file an opposition to the statement.

III. Conclusion

For the reasons discussed above, it is therefore

ORDERED that Plaintiff's Motion for Attorney's Fees (Docket No. 80) is GRANTED in part and DENIED in part.

DATED   January 11, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge