FILED
U.S. DISTRICT COURT

2009 MAR -9 P 12: 57

DISTRICT OF UTAH

BY:
DEPUTY CLERK

DOUGLAS R. RANDS, ESQ.
Utah Bar No. 5225
RANDS, SOUTH, GARDNER & HETEY
Attorneys for Defendants
9498 Double R Blvd., Suite A
Reno, NV 89521
(775) 827-6464

GARY E. DIGRAZIA, ESQ.
Nevada State Bar No. 198
DAVID M. STANTON, ESQ.
Nevada State Bar No. 4389
GOICOECHEA, DIGRAZIA, COYLE
 & STANTON, LTD.
Attorneys for Defendants
530 Idaho Street - P.O. Box 1358
Elko, NV 89803
(775) 738-8091

PATRICK A. SHEA, ESQ.
Utah Bar No. 2929
PATRICK A. SHEA, P.C.
Attorney for Defendants
215 South State, Ste. 200
Salt Lake City, UT 84111

HAROLD G. CHRISTENSEN (A0688)
JULIANNE P. BLANCH (A6495)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Plaintiff
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, Utah 84145
(801) 521-9000

MARK FITZGERALD BELL - 4536
MARSDEN & BELL, L.L.C.
Attorneys for Plaintiff
68 South Main Street, Fifth Floor
Salt Lake City, UT 84101
(801) 521-3800

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| WENDOVER CITY, a Utah Municipal Corporation,<br>Plaintiff<br>vs.<br><br>WEST WENDOVER CITY, a Nevada Municipal Corporation, JOSEPHINE THAUT, and John Does 1-10,<br>Defendants. | FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT<br><br><br>Case no. 2:03-CV-00523<br><br>District Judge Ted Stewart<br>Magistrate Judge Samuel Alba |

## PROCEDURAL BACKGROUND

A. Plaintiff, WENDOVER CITY, a Utah Municipal Corporation (hereinafter "Wendover City") commenced this action against WEST WENDOVER CITY, a Nevada Municipal Corporation, Josephine Thaut and John Does 1 through 10 (hereinafter collectively

referred to as "Defendants") by filing a Complaint on April 30, 2003 in the Third Judicial District Court of Tooele County, State of Utah, Case No. 030300637. (Wendover and West Wendover are collectively referred to as the "Parties").

B. In its Complaint, Wendover City's causes of action set forth two issues. The first issue was premised on a claim that the Defendants tortiously interfered with its business relationship with the State Line Casino, to which Wendover City had supplied water for a number of years. Wendover City alleged that the Defendants violated the Commerce Clause and state law by threatening to withhold certain licenses from the State Line Casino in order to compel it to switched water suppliers from Wendover City to West Wendover, Nevada. In 2002, Wendover City alleges, the State Line Casino switched water suppliers as a result of the Defendants' actions. The second issue related to ownership and control of the Johnson Springs Water System (hereinafter the "System") that was and is used to provide water to both Wendover City and West Wendover, Nevada. The System had been subject to a series of interlocal agreements between Wendover City and West Wendover, Nevada (or its predecessor in interest, Elko County, Nevada), but those agreements were set to terminate. Wendover City requested rulings relative to ownership and control of the water system.

C. On June 5, 2003, Defendants filed a Notice of Removal of Civil Action, which was unopposed.

D. On June 19, 2003, the Defendants filed a Motion to Dismiss or in the Alternative Transfer the Case to the District of Nevada, which was denied by this Court.

E. On November 10, 2003, the Defendants filed their Answer to the Complaint denying Wendover City's substantive allegations.

F. Subsequently, the Parties engaged in discovery and filed various dispositive motions, a number of which were ruled upon by the Court. Pursuant to one of those rulings, the

claims against defendant Josephine Thaut were dismissed. Other motions pertaining to attorney fees, and to ownership and control of the System, have not been resolved. This matter is currently not set for trial.

      G.      The Parties have now submitted a Stipulated Motion for Dismissal With Prejudice. Attached to the Motion are Exhibits consisting of: (a) a Master Settlement Agreement; (b) a Settlement Agreement for the "State Line Claims"; (c) a Settlement Agreement for the "Johnson Springs Claims"; and (d) a series of Exhibits (nos. C through G) which are the instruments by which the System assets will be conveyed to the Parties as joint and equal owners of those assets. Based on said Motion and the attached Exhibits, it appears that the Parties have agreed a full and complete settlement of this action without any further adjudication of any issue of fact or law.

The Court has reviewed the Parties' Stipulated Motion for Dismissal With Prejudice, and the Exhibits attached thereto. Based on said documents, the Court now makes and enters the following:

### FINDINGS OF FACT

      1.      The Parties have executed a Master Settlement Agreement effective April 1, 2009. The Master Settlement Agreement provides, *inter alia*, for the dismissal of all claims presently pending before the court in this litigation.

      2.      Attached to the Master Settlement Agreement as Exhibit "A" is an instrument entitled "Settlement Agreement (State Line Claims)" (hereinafter the "State Line Agreement"). The State Line Agreement calls for the payment of certain sums of money by the City of West Wendover, Nevada to the City of Wendover, Utah, including the payment of attorneys fees and fees for a general settlement and release. The State Line Agreement disposes of all claims related to water service provided to the former State Line Hotel and Casino, including without

limitation the Second, Third, Fourth and Fifth Claims for Relief set forth in Plaintiff's Complaint.

3. Attached to the Master Settlement Agreement as Exhibit "B" is an instrument entitled "Settlement Agreement (Johnson Springs Water System Claims)" (hereinafter the "Johnson Springs Agreement"). The Johnson Springs Agreement calls for, *inter alia*: (a) the termination of all prior interlocal agreements related to the System; (b) the termination of the Administrative Authority which has, heretofore, managed the System; (c) the joint and equal ownership of all assets related to the System, including water and water rights (defined in detail in the Johnson Springs Agreement); (d) the City of West Wendover to be the managing agent of the System; (e) the establishment by West Wendover of an Enterprise Fund from which the obligations and operations of the System will be paid; (f) a formula by which the City of Wendover, Utah will annually be paid a sum for any excess water used by West Wendover, Nevada; and (g) in consideration of the dismissal of the Johnson Springs Claims, an annual fee, paid in quarterly installments, to be paid by the City of West Wendover, Nevada to the City of Wendover, Utah. The Johnson Springs Agreement disposes of the First and Sixth Claims for Relief set forth in the Plaintiff's Complaint.

4. The Parties have acknowledged that all other Claims for Relief, including any claims against Josephine Thaut, set forth in the Plaintiff's Complaint have previously been dismissed by the Court.

5. Attached to the Master Settlement Agreement as Exhibits "C" through "G" are a series of unsigned deeds and instruments of transfer and conveyance by which the Parties will formally memorialize and record the transfer of their various interests in the System to reflect their joint and equal ownership of the System assets. The Parties have agreed that upon approval

4

of this Court, Exhibits "C" through "G" shall be executed forthwith at a "closing" to be held at a time and place convenient to the Parties.

6. The Master Settlement Agreement, the State Line Agreement and the Johnson Springs Agreement were approved and executed by the Parties as follows:

A. By the Defendant, City of West Wendover, Nevada, by unanimous vote of its City Council, at its City Council Meeting held on March 3, 2009. The City Council of West Wendover, Nevada, authorized its Mayor, Donald H. Andersen, by unanimous vote, to execute the Agreements on behalf of the City. The Agreements have also been approved as to form by the West Wendover, Nevada City Attorney, Gary E. Di Grazia.

B. By the Plaintiff, City of Wendover, Utah, by unanimous vote of its City Council, at its City Council Meeting held on March 4, 2009. The City Council of Wendover, Utah, authorized its Mayor, Brett Shelton, by unanimous vote, to execute the Agreements on behalf of the City. The Agreements have also been approved as to form by the Wendover, Utah City Attorney, Mark F. Bell.

7. The Parties have acknowledged and agreed that the approval of this Court is required for the Master Settlement Agreement and all its Exhibits, and that if not approved by the Court, the approval and execution of the Agreements shall be null and void.

8. The Parties have acknowledged and represented that each City through its duly elected officials has carefully considered the Agreements for dismissal of the pending litigation. Specifically, the Parties have made the following express representations to the Court:

A. The settlement of the State Line Claims is fair and reasonable in all respects, and their duly elected representatives have carefully considered all available evidence relating to the losses which may have been caused or suffered, a pattern of change in the consumption of water by the former State Line Hotel and Casino, the attorney's fees which have

been incurred by the parties, and the real and substantial risks, costs and uncertainties of continued litigation. The Parties' duly elected representatives have considered information provided by expert witnesses related to the State Line Claims and have received and considered the advice of their respective legal counsel. Based thereon, the elected officials have determined that the settlement of the State Line Claims is fair and equitable in all respects.

        B.     The settlement of the Johnson Springs Water System Claims is fair and reasonable in all respects. The duly elected officials of the Parties have carefully considered all available evidence about the ownership and values of all of the assets subject to the Johnson Springs Claims. The duly elected officials of the Parties have: (i) considered information provided by experts and by their legal counsel on issues related to prior agreements and instruments of conveyance from the United States of America by which assets were transferred for municipal ownership and benefit; (ii) considered the later acquisition of water rights and other developments and improvements of the System; (iii) considered the advantages of having a single entity (the City of West Wendover, Nevada) appointed as the managing agent of the Johnson Springs System; (iv) carefully weighed and considered the values exchanged in effecting a joint and equal ownership of the System, including the payments to be made by the City of West Wendover, Nevada to the City of Wendover, Utah; and (v) carefully weighed and considered the risks, costs and uncertainties associated with continued litigation of this matter. Upon consideration of all the foregoing, the Parties believe that the joint ownership of the System, as defined in the Johnson Springs Agreement, is fair and equitable in all respects and represents a fair and equivalent exchange in value of water rights, water sources and water works between two municipalities.

        9.     The Parties have acknowledged that Utah Const. Article 11, Section 6 provides as follows:

6

> No municipal corporation, shall directly or indirectly, lease, sell, alien or dispose of any water-works, water rights, or sources of water supply now, or hereafter to be owned or controlled by it; but all such water-works, water rights and sources of water supply now owned or hereafter to be acquired by any municipal corporation, shall be preserved, maintained and operated by it for supplying its inhabitants with water at reasonable charges: Provided, That nothing herein contained shall be construed to prevent any such municipal corporation from exchanging water-rights, or sources of water supply, for other water-rights or sources of water supply of equal value, and to be devoted in like manner to the public supply of its inhabitants.

10. The duly elected officials of the City of Wendover, Utah have expressly acknowledged and agreed, and represented to the Court, that by the Johnson Springs Settlement, the City of Wendover is obtaining and ensuring current and future water works, water rights and sources of water supply of at least equal value to the interest in the water system assets it is transferring to the City of West Wendover, Nevada. The duly elected officials of the City of Wendover, Utah believe and have represented to the Court that the said Settlement will preserve and maintain a source of water which can and will be supplied to its inhabitants at reasonable charges. The duly elected officials of the City of Wendover, Utah believe and have represented to the Court that they have made a good faith, fair and equal exchange in value of water works, water rights and sources of water supply that comply in all respects with the provisions of Utah Const. Article 11, Section 6.

11. By entering into the Stipulated Motion, the Parties have acknowledged and agreed that the Defendants do not admit to the allegations of the Complaint, other than the jurisdictional facts.

12. The Parties have acknowledged and agreed that the Stipulated Motion does not constitute, nor shall it be interpreted to constitute, either an admission by the Defendants of any wrongdoing or that the defendants have engaged in any violations of law.

> No municipal corporation, shall directly or indirectly, lease, sell, alien or dispose of any water-works, water rights, or sources of water supply now, or hereafter to be owned or controlled by it; but all such water-works, water rights and sources of water supply now owned or hereafter to be acquired by any municipal corporation, shall be preserved, maintained and operated by it for supplying its inhabitants with water at reasonable charges: Provided, That nothing herein contained shall be construed to prevent any such municipal corporation from exchanging water-rights, or sources of water supply, for other water-rights or sources of water supply of equal value, and to be devoted in like manner to the public supply of its inhabitants.

10. The duly elected officials of the City of Wendover, Utah have expressly acknowledged and agreed, and represented to the Court, that by the Johnson Springs Settlement, the City of Wendover is obtaining and ensuring current and future water works, water rights and sources of water supply of at least equal value to the interest in the water system assets it is transferring to the City of West Wendover, Nevada. The duly elected officials of the City of Wendover, Utah believe and have represented to the Court that the said Settlement will preserve and maintain a source of water which can and will be supplied to its inhabitants at reasonable charges. The duly elected officials of the City of Wendover, Utah believe and have represented to the Court that they have made a good faith, fair and equal exchange in value of water works, water rights and sources of water supply that comply in all respects with the provisions of Utah Const. Article 11, Section 6.

11. By entering into the Stipulated Motion, the Parties have acknowledged and agreed that the Defendants do not admit to the allegations of the Complaint, other than the jurisdictional facts.

12. The Parties have acknowledged and agreed that the Stipulated Motion does not constitute, nor shall it be interpreted to constitute, either an admission by the Defendants of any wrongdoing or that the defendants have engaged in any violations of law.

7

13. Once the Stipulated Motion is approved by the Court and Judgment is entered herein, the Parties will waive all rights to appeal or otherwise challenge or contest the validity of the Stipulated Motion or a Judgment based thereon.

14. The Parties have agreed that, except as expressly provided therein, the Stipulated Motion does not entitle either party to seek or to obtain attorneys' fees or costs as a prevailing party under 42 U.S.C. § 1988 or any other statute (Federal or state) or any other provision of law and the Parties have further waived any rights to attorneys' fees or costs that may arise under any provisions of law.

15. The Parties expressly have acknowledged and agreed that the settlement contemplated herein is in the public interest and will benefit the residents and businesses of the City of Wendover, Utah and the City of West Wendover, Nevada.

16. The Parties, by and through their respective counsel, have consented to entry of a Stipulated Judgment, which shall constitute a Final Judgment in this matter. The Parties further have stipulated and agreed that the entry of the Stipulated Judgment shall constitute a full, complete and final settlement of this action.

17. Pursuant to Local Rule 58-1, the duly authorized individuals signing on behalf of the City of West Wendover, Nevada and the City of Wendover, Utah, under penalty of perjury, and the Parties' attorneys, as officers of the Court, have certified that the Exhibits marked as Exhibits "A" through "G" inclusive are true and correct copies of the originals which are in the possession of the Parties. Based upon these representations, the Parties have requested that the Court waive any requirement that the originals be filed with the Court, and rule that the provisions of said Exhibits are merged into the Judgment to be entered herein.

Having made the foregoing **Findings of Fact**, the Court now makes and enters the following:

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter and parties pursuant to Title 28 U.S.C. § 1332, and has concurrent jurisdiction under 42 U.S.C. § 1983.

2. Venue is proper as to all parties in this District.

3. The Parties have entered a Stipulated Motion for Dismissal with Prejudice freely and without coercion.

4. The Parties have entered a Master Settlement Agreement containing two separate Settlement Agreements as exhibits. Additional unsigned instruments have been prepared that will effectuate the transfer of certain assets into joint and equal ownership by the Parties. Together, these Agreements resolve all matters pertaining to the subject matter of this case.

5. Based on the representations made in the Stipulated Motion:

    A. The Agreements were unanimously approved by the duly elected City Councils of the City of West Wendover, Nevada and the City of Wendover, Utah;

    B. The Mayor of the City of West Wendover, Nevada and the Mayor of the City of Wendover, Utah were authorized by unanimous vote of their respective city councils to execute the Agreements on behalf of the Cities.

6. The resolution of the State Line Claims described in Exhibit "A" to the Master Settlement Agreement were duly considered and approved by unanimous vote of the City Councils of each party. It is reasonable and appropriate that the Court approve the settlement of the "State Line Claims" (including without limitation the Second, Third, Fourth and Fifth Claims for relief set forth in Plaintiff's Complaint.). The Court concludes that the payment of certain sums of money by the City of West Wendover, Nevada to the City of Wendover, Utah, including the payment of attorneys fees and fees for a general settlement and release, are reasonable in all respects.

9

7.  The resolution of the Johnson Springs Claims described in Exhibit "B" to the Master Settlement Agreement was duly considered and approved by unanimous votes of the City Councils of each party. It is reasonable that the Court approve the settlement of the "Johnson Springs Claims" (including without limitation the First and Sixth Claims for Relief of Plaintiff's Complaint).

8.  Attached to the Master Settlement Agreement as Exhibits "C" through "G" are a series of unsigned deeds and instruments of transfer and conveyance by which the Parties will formally memorialize and record the transfer of their various interests in the System to reflect their equal ownership of the assets therein. It is reasonable that Exhibits "C" through "G" be executed forthwith at a "closing" to be held at a time and place convenient to the Parties.

9.  Article 11, Section 6 of the Utah Constitution provides as follows:

> No municipal corporation, shall directly or indirectly, lease, sell, alien or dispose of any water-works, water rights, or sources of water supply now, or hereafter to be owned or controlled by it; but all such water-works, water rights and sources of water supply now owned or hereafter to be acquired by any municipal corporation, shall be preserved, maintained and operated by it for supplying its inhabitants with water at reasonable charges: Provided, That nothing herein contained shall be construed to prevent any such municipal corporation from exchanging water-rights, or sources of water supply, for other water-rights or sources of water supply of equal value, and to be devoted in like manner to the public supply of its inhabitants.

10. The Court concludes, as a matter of law, that the duly elected members of the City Council of the City of Wendover, Utah are in the unique position to consider, evaluate and weigh the evidence related to water rights, water sources and water works owned, maintained or utilized by the City of Wendover, Utah.

11. The Court concludes, as a matter of law, that the duly elected members of the City Council of the City of Wendover, Utah are entrusted and empowered to consider and make

decisions related to water rights, water sources and water works owned, maintained or utilized by the City of Wendover, Utah.

12. The Court concludes, as a matter of law, that the City Council of the City of Wendover, Utah has considered all appropriate evidence, documents and economic values associated with the exchange of assets contemplated by the Johnson Springs Settlement, to be memorialized by the execution of Exhibits C through G, inclusive.

13. The Court concludes, as a matter of law, that the exchange of water rights, water sources and water works contemplated in the Johnson Springs Settlement Agreement and in Exhibits C through G is, to the City of Wendover, Utah, an exchange the value of which is equal to or exceeds the value of any water rights, water sources or water works transferred to the City of West Wendover, Nevada. This conclusion expressly includes the Court's evaluation of the Parties' settlement documents under which: (a) each party will become an equal owner of all the current and future assets of the Johnson Springs Water System; (b) the City of Wendover, Utah will receive compensation for any portion of its undivided one-half interest in water utilized by the City of West Wendover; and (c) under which the City of Wendover, Utah will receive annual compensation to be paid in quarterly installments.

14. The Defendants do not admit to the allegations of the Complaint, other than the jurisdictional facts.

15. The Defendants have not made any admission of any wrongdoing or violations of law.

16. Once the Judgment is entered in this action, the Parties shall be prohibited from exercising any rights to appeal or otherwise challenge or contest the validity of the Stipulated Motion or the Judgment.

17. Except as expressly provided in their Settlement Documents, neither party should be entitled to seek or to obtain attorneys' fees or costs as a prevailing party under 42 U.S.C. § 1988 or any other statute (Federal or state) or any other provision of law. Further, the Parties have waived any rights to attorneys' fees or costs that may arise under any provisions of law.

18. The Court finds, as a matter of law, that the settlement reached by the Parties is in the public interest and will benefit the residents and businesses of the City of Wendover, Utah and the City of West Wendover, Nevada.

19. The Court finds, pursuant to Local Rule 58-1, that the duly authorized individuals signing on behalf of the City of West Wendover, Nevada and the City of Wendover, Utah, under penalty of perjury, and the Parties' attorneys, as officers of the Court, have certified that the Exhibits marked as Exhibits "A" through "G", inclusive, are true and correct copies of the originals which are in the possession of the Parties. Based upon these representations, it is reasonable that the Court waive any requirement that the originals be filed with the Court, and further that the Court rule that the provisions of said Exhibits are merged into the Judgment to be entered herein.

## JUDGMENT

Having made the foregoing **Findings of Fact and Conclusions of Law**, the Court now **ORDERS, ADJUDGES AND DECREES** the following:

A. The Master Settlement Agreement be and hereby is Approved by the Court and the Parties are Ordered to abide by the provisions thereof;

B. Exhibit "A" to the Master Settlement Agreement, entitled "Settlement Agreement (State Line Claims)" be and hereby is Approved by the Court and the Parties are Ordered to abide by the provisions thereof;

C. Exhibit "B" to the Master Settlement Agreement, entitled "Settlement Agreement (Johnson Springs Water System Claims)" be and hereby is approved by the Court and the Parties are Ordered to abide by the provisions thereof;

D. Upon entry of this Judgment, the Parties shall forthwith execute any and all documents needed to effectuate the transfers and conveyances contemplated in Exhibit "B" including those documents identified as Exhibits "C" through "G."

E. The Settlement Agreements of the Parties and the documents effectuating the transfers and conveyances of the Johnson Springs Water System assets are merged herein and expressly made a part of the Court's Judgment. Those documents reflect and memorialize the full, complete and final resolution of all matters at issue in this litigation.

F. This litigation, captioned: *Wendover City, a Utah Municipal Corporation, Plaintiff vs. West Wendover City, a Nevada Municipal Corporation, Josephine Thaut, and John Does 1 through 10*, Case No. 2:03CV00523 TS, be and hereby is, **DISMISSED** with prejudice.

**SO ORDERED BY THE COURT** this 9th day of March, 2009.

_____
HONORABLE TED STEWART
UNITED STATES DISTRICT COURT JUDGE

Approval as to form:

*[signature]*

Douglas R. Rands
Attorney for City of West Wendover, Nevada
Date: 3/6/09

*[signature]*

Julianne P. Blanch
Attorney for City of Wendover, Utah
Date: 3/9/09